**OSTERHOUDT v. HEDGER TRANSP. CO., Inc., et al.**

**THE ADAM SCHUMANN.**

**THE FREEDOM.**

**THE BARRYTON.**

**MULQUEEN v. SAME.**

**THE ST. CATHERINE.**

**O'BOYLE v. HEDGER TRANSP. CO., Inc.**

**THE FOGGY DEW.**

District Court, S. D. New York.

Jan. 8, 1930.

In Admiralty. Three suits tried together brought by the owners of four barges which were lost or damaged during a storm on Lake Erie. All the suits are in personam against the Hedger Transportation Company, Inc., which was charterer of the four barges; and two of them (Osterhoudt and Mulqueen) are also in rem against the tug Barryton, which had the barges in tow at the time.

Macklin, Brown, Lenahan & Speer, of New York City (Richard F. Lenahan and Edmund F. Lamb, both of New York City, of counsel), for libelants Anthony O'Boyle and Daniel J. Mulqueen.

Single & Single, of New York City (Carroll Single and C. Welmore Robinson, both of New York City, of counsel), for libelant Osterhoudt.

Haight, Smith, Griffin & Deming, of New York City (Henry M. Hewitt and James Mc-Kown, Jr., both of New York City, of counsel), for respondent Hedger Transp. Co.

Barry, Wainwright, Thacher & Symmers, of New York City (Earle Farwell, of New York City, of counsel), for respondent the Barryton.

FRANK J. COLEMAN, J.

On November 4, 1926, at about 10:30 a. m., the tug Barryton left Cleveland for Buffalo with the four barges in tow in tandem in the following order: Foggy Dew, St. Catherine, Freedom, and Adam Schumann. They were large wooden box-shaped barges in good condition and properly equipped and were light at the time. At about 6 p. m. the wind had strengthened, and the Lake roughened to a degree that caused the barge men to put the barges on the regular long lake hawsers of about 600 feet each. At this time the tow was about off Ashtabula, and I believe the tug captain should have been apprized of the approach of a storm. The barometer on the tug had fallen 11 points. The sky was overcast and the wind and sea were markedly on the increase. Instead of putting into Ashtabula for safety, he kept out towards the middle of the Lake, and at about 9:50 p. m. the hawser between the Foggy Dew and the St. Catherine broke, setting adrift the three rear barges. Each of these cast anchor, but in the course of the ensuing hours each of the anchor ropes broke. The barges were battered together and swept by the seas to such an extent the St. Catherine and the Adam Schumann foundered, and the Freedom in the course of time was cast ashore, where it was found in a damaged condition.

The hawser which broke had been supplied by the tug in accordance with the custom on the Lake, and there is ample evidence to sustain a finding that at the time the tug delivered it to the barges, it was in a chafed condition which made it unsafe. This evidence is practically undenied and I am satisfied of the tug's negligence in using it. The fact that it had been furnished to the tug by the respondent Hedger Transportation Com-

pany does not relieve the tug nor make the respondent liable, because there is no evidence when it was furnished to the tug, nor that it was then in a dangerous condition.

When the hawser broke the tug with the Foggy Dew in tow stood by at a distance of about a mile for a period of several hours and then left the barges to their fate. The tug could certainly have rendered assistance if it had not been incumbered with the Foggy Dew and had an additional hawser. The lack of the latter was no excuse, because I believe it was negligence to be without it. In regard to disposing of the Foggy Dew, the tug, instead of bringing it to the nearest port, Erie, proceeded to the Canadian town of Colborne, many miles further away. The St. Catherine foundered about 6 a. m. November 5th, approximately nine hours after the hawser broke; and the Adam Schumann foundered about 4 p. m., approximately nineteen hours after the breaking of the hawser. I believe the tug could have safely brought the Foggy Dew to Erie and have returned to the barges before either one foundered. There is evidence that it would have been unsafe to have attempted to bring the Foggy Dew into Erie, but I believe that the master of the tug in deciding to go to the port of Colborne was actuated largely by the assumption that the three barges would be safe in the condition in which he had left them. This not only proved untrue, but I think that any tug master with adequate judgment and experience would have known it beforehand. An additional reason for not going to Erie may have been the fact that the tug had no map of the harbor, but this in itself was remiss. The master of the Barryton was inexperienced on the Lake, and I think that his failure to render assistance to the barges was due, not to an excusable error of judgment, but to a failure of proper caution and of proper equipment.

I hold that the tug was primarily liable for the damage to the St. Catherine, the Adam Schumann, and the Freedom, because (1) it failed to bring the tow to refuge in Ashtabula when there were plain indications of the impending storm; (2) it supplied an inadequate hawser which reasonable care would have shown defective; (3) it left the barges and failed to take adequate steps to assist them after the hawser broke.

As to the Hedger Transportation Company, Inc., the charterer of the four barges, its liability is predicated upon the terms of the charter parties. The barges were chartered to it for use on the Lake only

on condition that the charterer furnish full insurance coverage on the hulls at its own expense. It is undisputed that no hull insurance was procured, though the tug Barryton had liability towage insurance.

Under the circumstances, I think it was a breach of the charter party for the Hedger Transportation Company, Inc., to use the barges on the Lake, and I believe it should be held liable for all the damage that resulted. This liability would be secondary as to the St. Catherine, the Adam Schumann, and the Freedom, but as to the Foggy Dew, it does not appear that such damage as it sustained was in anyway due to the tug Barryton. In fact, so far as the record before me shows, the tug Barryton was not impleaded in the suit for damage to the Foggy Dew.

I am unable to agree with libelants' contention that the amount of the damage can be determined on this record, and I direct that the matters be sent to a special commissioner for that purpose. The damages should include the private property of the barge men.

Settle interlocutory decree accordingly on notice.